IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAMON REYES §<br>　Plaintiff, §<br>§<br>vs. §<br>§<br>WAL-MART STORES TEXAS, LLC d/b/a §<br>WAL-MART SUPER CENTER #1313 §<br>and WAL-MART STORES, INC., §<br>　Defendants. § | CIVIL ACTION NO. 5:20-cv-01352 |

## COMPLAINT

**To the Honorable Judge of the Court**:

Plaintiff, RAMON REYES ("Plaintiff" or "Reyes") files this lawsuit against WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPER CENTER #1313 AND WAL-MART STORES, INC. ("Defendants"). Plaintiff requests relief by judgment and pleads the following:

### JURISDICTION AND VENUE

1. The claims asserted arise under the common law of Texas.

2. This case is within this Court's subject matter jurisdiction on the basis of diversity of jurisdiction under 28 U.S.C. 1332. Both Defendants are entities incorporated in the State of Delaware, who are engaged in business activities in Texas. To wit, they own and operate multiple Walmart stores throughout the State of Texas. Plaintiff is a citizen of Texas.

3. The amount in controversy exceeds $75,000.

4. Venue is proper in this district and division pursuant to 28 U.S.C. 1391(b)(2) because all or a substantial part of the events giving rise the claim occurred in this judicial district.

## PARTIES

5. Plaintiff RAMON REYES is an individual residing in Bexar County, Texas. He is a citizen of the State of Texas.

6. Defendant WAL-MART STORES TEXAS, LLC d/b/a WAL-MART SUPER CENTER #1313 is a non-resident corporation authorized to do business in the State of Texas. It is incorporated in Delaware. This defendant may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street Suite #900, Dallas, Texas 75201.

7. Defendant WAL-MART STORES, INC. is a non-resident corporation authorized to do business in the State of Texas. It is incorporated in Delaware. This defendant may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street Suite #900, Dallas, Texas 75201.

## STATEMENT OF FACTS

8. At all times material, Defendants owned, operated, and exclusively controlled a certain retail store, known as Wal-Mart Super Center # 1313 located at 1200 SE Military Drive, San Antonio, Texas 78214 (the "Store").

9. On or about November 26, 2018, Plaintiff was shopping at the Store. Plaintiff was sitting in the pharmacy area waiting for his prescription in Defendants' Store during the regular Hours when two Wal-Mart Associate employees who were stocking inventory dropped a box weighing approximately 55 pounds on Mr. Reyes. As a result, the box struck Plaintiff's head and body, causing severe head, neck, back, and rib injuries.

## CAUSE OF ACTION FOR NEGLIGENCE

8. Plaintiff repeats and realleges each and every allegation contained herein.

9. Plaintiff sustained injuries as a direct and proximate result of Defendants' negligence per se, and gross negligence when Defendants:

- Failed to properly stock the merchandise shelf;
- Failed to properly secure the merchandise while stocking the shelf;
- Failed to exercise appropriate caution;
- Violated applicable, local, state, and federal laws and/or regulations; and
- Other acts so deemed negligent.

10. Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These acts and omissions, whether taken singularly, or in any combination, were both the cause in fact and proximate cause of Plaintiffs injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

11. At all times material, Defendants were in the sole and exclusive management and control of the merchandise and merchandising shelf. In addition, the character of the incident at issue in this action is such that it would not ordinarily have occurred absent negligence on the part of Defendants. Consequently, the doctrine of res ipsa loquitur applies to this cause of action. Plaintiff thus gives notice to Defendants that Plaintiff intends to invoke the doctrine of res ipsa loquitur.

## PREMISES LIABILITY

12. Plaintiff repeats and realleges each and every allegation contained herein.

13. At all times material, Plaintiff was an invitee, as he had entered the Walmart Supercenter to shop. It was the duty of Defendants, as owners of the premises, to exercise ordinary care and diligence to provide and maintain a reasonably safe place of business for its customers and

invitees. In particular, it was Defendants' duty to exercise reasonable care to prevent a dangerous condition on its premises, or to exercise ordinary care to correct such a condition after Defendants knew, or by the exercise of ordinary care should have known, of the existence of such condition.

14.  At the time of Plaintiffs entry onto Defendants' business premises, Defendants through their employees had created a dangerous condition by improperly anchoring/securing a merchandising shelf. This made the heavy shelf likely to fall. Since Defendants created this dangerous condition, they knew or should have known of the danger it presented to customers like Plaintiff.

## NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION

15.  Plaintiff repeats and realleges each and every allegation contained herein.

16.  Plaintiff sustained injuries as a result of Defendants' negligent training because of Defendants':

- Failure to explain and demonstrate its safety policies and procedures to employees;
- Failure to provide the necessary training to employees on topics including, but not limited to, how to properly and safely load merchandise shelves, how to properly and safely secure merchandise shelves, and in all matters regarding the proper and safe utilization of merchandise shelves;
- Failure to train its employees in all aspects of premises safety;
- Failure to train its employees regarding safe and proper stocking and utilization of merchandise shelves such as a person and/or company of ordinary care would have done in the same or similar circumstances;
- Failure to provide and/or require follow-up education and training; and
- Such other acts of negligence as may be shown in the discovery and trial of this cause.

17.  Plaintiff sustained injuries as a result of Defendants' negligent supervision, because of Defendants':

- Failure to monitor employees to make sure they were complying with policies and procedures;
- Failure to implement proper policies and procedures for its employees regarding the safety of the premises, including but not limited to the safety of stocking merchandise shelves;
- Failure to supervise employees to ensure that they were properly stocking and securing merchandise shelves; and
- Such other acts of negligence as may be shown in the discovery and trial of this cause.

## RESPONDEAT SUPERIOR AND AGENCY

18. Plaintiff repeats and realleges each and every allegation contained herein.

19. At all times material, all acts and omissions committed by an agent, representative, employee, or associate of Defendants were within the course and scope of their employment with Defendants, occurred while they were engaged in the furtherance of Defendants' business, and occurred while they were engaged in accomplishing a task for Defendants. Plaintiff therefore invokes the doctrine of *Respondeat Superior* against Defendants, who are therefore liable for all such acts and omissions.

20. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions of any such agent, representative, or employee of Defendants occurred within the scope of the actual or apparent authority of such person on behalf of Defendants. Therefore, Defendants are liable to Plaintiff for the acts and/or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## DAMAGES

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

- Reasonable medical care and expenses in the past;
- Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- Physical pain and suffering in the past and future;
- Physical impairment in the past and future; and
- Mental anguish in the past and future.

## JURY DEMAND

22. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which Plaintiff may be justly entitled.

Respectfully Submitted,

THOMAS G. KEMMY
THE KEMMY LAW FIRM, P.C.
322 West Woodlawn Avenue
San Antonio, Texas 78212
Telephone: (210) 735-2233
Facsimile: (210) 736-9025
tom@kemmylaw.com

BY: */s/ Thomas G. Kemmy*
    THOMAS G. KEMMY
    State Bar No. 11254600

    *ATTORNEY FOR PLAINTIFF*